UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KELLY HUISKAMP, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ZOOMINFO TECHNOLOGIES LLC, a Delaware corporation,<br><br>Defendant. | Case No. 3:25-cv-05443-DGE<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Kelly Huiskamp ("Plaintiff") individually and on behalf of all others similarly situated, brings this Class Action Complaint for violations of Colo. Rev. Stat. § 6-1-304 (Colorado's "Prevention of Telemarketing Fraud Act" or "PTFA") against Defendant ZoomInfo Technologies LLC ("Defendant" or "ZoomInfo"). Plaintiff makes the following allegations pursuant to his counsel's investigation and based upon information and belief, except as to allegations specifically pertaining to himself, which are based on personal knowledge.

## I.  NATURE OF ACTION

1. On May 27, 2005, former Colorado Governor Bill Owens signed into law HB05-1288,[1] which amended the PTFA to prohibit commercially listing a cell phone number in a directory, without permission.[2] *See* Colo. Rev. Stat. § 6-1-304(4)(a)(I).

2. This prohibition is designed to protect privacy. As former State Representative Mark Cloer,[3] a prime sponsor of HB05-1288,[4] stated in describing this new portion of the PTFA:

---

[1] https://www.leg.state.co.us/clics2005a/csl.nsf/fsbillcont2/1BB0D3E00348AC6987256F90007C20C7?Open. *See also* https://leg.colorado.gov/sites/default/files/images/olls/2005a_sl_180.pdf.
[2] https://www.leg.state.co.us/CLICS2005A/commsumm.nsf/IndSumm/574E34C489356ADA87256FB100612E60?OpenDocument. *See also* https://www.leg.state.co.us/CLICS2005A/commsumm.nsf/91320994cb8e0b6e8725681d005cb995/574e34c489356ada87256fb100612e60?OpenDocument.
[3] *See* https://www.leg.state.co.us/clics2005a/directory.nsf.
[4] https://lawcollections.colorado.edu/colorado-session-laws/islandora/object/session%3A36205 at p. 2461. *See also* https://www.leg.state.co.us/CLICS2005A/csl.nsf/StatusAll?OpenFrameSet.

FIRST AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:25-cv-05443-DGE
-1-
EMERY REDDY PLLC
600 STEWART ST., SUITE 1100
SEATTLE, WA 98101
PHONE: (206) 442-9106 • FAX: (206) 441-9711

"[m]ost people view their cell phones as private. They give out the number to friends and family and some colleagues. When their cell phone rings, they expect it to be important."[5]

3. Indeed, concern over cell phone privacy is widespread. According to a research paper presented in May 2005 at the American Association for Public Opinion Research (AAPOR)'s Annual Conference[6] and January 2006 at the American Statistical Association (ASA)'s Second International Conference on Telephone Survey Methodology:[7]

> [T]here appears to be a strong reluctance on the part of cell phone owners to have their cell phone numbers listed in a directory. …
>
> This reluctance on the part of respondents to have their cell phone number listed in a directory may be rooted in not wishing to incur additional costs due to unsolicited incoming calls. …
>
> A more likely reason for their unwillingness to have their cell phone number listed is that respondents view the cell phone as more of a private medium of communication than their land-line phone. They probably wish to restrict access to their cell phone number to family and friends.[8]

4. The Colorado General Assembly enacted subsection (4) of the PTFA to address these privacy concerns and to protect cell phone users from the misappropriation of their personal information. This aligns with the PTFA's overall purpose, as articulated by Colo. Rev. Stat. § 6-1-301:

> The general assembly hereby finds, determines, and declares that the use of telephones for commercial solicitation is rapidly increasing; that this form of communication offers unique benefits, but entails special risks and poses the potential for abuse; that the general assembly finds that the widespread practice of fraudulent and deceptive commercial telephone solicitation has caused substantial financial losses to thousands of consumers, and, particularly, elderly, homebound, and otherwise vulnerable consumers, and is a matter vitally affecting the public interest; and, therefore, that the general welfare of the public and the protection of the integrity of the telemarketing industry requires statutory regulation of the commercial use of telephones.

---

[5] https://www.9news.com/article/news/local/politics/legislative-library-feb-23-2005/73-344789916.
[6] https://aapor.org/wp-content/uploads/2024/05/AAPORPrograms2005.pdf at pp. 13, 84.
[7] https://scholar.google.com/citations?view_op=view_citation&hl=en&user=I2jkzr0AAAAJ&citation_for_view=I2jkzr0AAAAJ:M3ejUd6NZC8C; https://ww2.amstat.org/meetings/tsmii/2006/index.cfm?fuseaction=main.
[8] http://www.asasrms.org/Proceedings/y2005/files/JSM2005-000345.pdf at p. 4005.

FIRST AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:25-cv-05443-DGE
-2-
EMERY REDDY PLLC
600 STEWART ST., SUITE 1100
SEATTLE, WA 98101
PHONE: (206) 442-9106 • FAX: (206) 441-9711

5. Colo. Rev. Stat. § 6-1-304(4) provides, in pertinent part:

> (a) On or after September 1, 2005, a person commits an unlawful telemarketing practice if the person knowingly: (I) Lists a cellular telephone number in a directory for a commercial purpose unless the person whose number has been listed has given affirmative consent, through written, oral, or electronic means, to such listing[.]

6. Despite this abundantly clear proscription, Defendant has listed the cellular telephone numbers of thousands of Colorado residents in its for-sale and for-profit directories, without requesting (let alone actually receiving) affirmative consent to such listings.

7. Thus, while Defendant profits handsomely from its unauthorized commercial listing of Plaintiff's and other Class Members' personal information, it does so at the expense of Coloradans' statutory privacy rights, under the PTFA.

8. Not only is Defendant's misappropriation unlawful – it is also dangerous. The Federal Trade Commission's ("FTC") report on "Data Brokers" states:

> There are a number of potential risks to consumers from data brokers' collection and use of consumer data. … [T]hey may facilitate the sending of advertisements … which some consumers may find troubling and which could undermine their trust in the marketplace. Moreover, … people search products can be used to facilitate harassment, or even stalking, and may expose domestic violence victims, law enforcement officers, prosecutors, public officials, or other individuals to retaliation or other harm. [In addition, s]toring [d]ata [a]bout [c]onsumers [i]ndefinitely [m]ay [c]reate [s]ecurity [r]isks[.][9]

9. Plaintiff brings this action to prevent Defendant from further violating the privacy rights of Colorado cell phone users and to recover statutory damages from Defendant, pursuant to Colo. Rev. Stat. § 6-1-305(1)(c).

## II. PARTIES

10. Plaintiff Kelly Huiskamp is a resident and citizen of Johnstown, Colorado. Plaintiff's cellular telephone number was listed by Defendant in its directory, available at zoominfo.com, to advertise and/or actually sell products and services. Defendant never requested – and Plaintiff never provided – affirmative consent, through written, oral, or electronic means,

---

[9] https://www.ftc.gov/system/files/documents/reports/data-brokers-call-transparency-accountability-report-federal-trade-commission-may-2014/140527databrokerreport.pdf at p. 48.

FIRST AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:25-cv-05443-DGE

-3-

EMERY REDDY PLLC
600 STEWART ST., SUITE 1100
SEATTLE, WA 98101
PHONE: (206) 442-9106 • FAX: (206) 441-9711

to such listing. In fact, Plaintiff has no relationship with Defendant whatsoever. Plaintiff had never heard of Defendant and had no reasonable ability to discover Defendant's use of his personal information until shortly before filing suit.

11. Defendant ZoomInfo Technologies LLC is a Delaware corporation with its principal place of business at 805 Broadway Street, Suite 900, Vancouver, Washington, 98660. Defendant is a business primarily engaged in the business of selling or leasing goods or services. Specifically, Defendant owns and operates the paid directory zoominfo.com. Therein, and for commercial purposes, Defendant has listed the cellular telephone numbers of thousands of individuals whom it knows to reside in Colorado.

### III.   JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A). There are more than 100 Class Members, the aggregate claims of all members of the proposed Class exceed $5,000,000.00, exclusive of interest and costs, and at least one Class Member is a citizen of a state different than Defendant. *See* ECF No. 1 ¶ 12.

13. This court has personal jurisdiction over Defendant because Defendant is domiciled in the State of Washington.

14. Venue is proper in District pursuant to 28 U.S.C. § 1391 because Defendant resides in this District.

### IV.   FACTUAL ALLEGATIONS

**A.   Overview of Defendant's Directory**

15. Defendant is a data broker – a company "that collect[s] consumers' personal information and resell[s] or share[s] that information with others[.]"[10]

16. Specifically, Defendant provides an online business-to-business or "B2B Lead Generation Directory Service[, a] platform[] … that facilitate[s] identifying and acquiring potential business-to-business leads. This kind of service compiles and organizes … contact

---

[10] https://www.ftc.gov/system/files/documents/reports/data-brokers-call-transparency-accountability-report-federal-trade-commission-may-2014/140527databrokerreport.pdf at p. i.

FIRST AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:25-cv-05443-DGE

-4-

EMERY REDDY PLLC
600 STEWART ST., SUITE 1100
SEATTLE, WA 98101
PHONE: (206) 442-9106 • FAX: (206) 441-9711

details, business categories, industry, size, location, and other relevant data. B2B Lead Generation Directories … often offer a range of features tailored to B2B marketing and sales needs."[11]

17. Defendant and its competitors monetize said personal details through their directories – some of which are ad-supported and give users free access to the data, and others of which furnish reports about people for a fee.

18. Defendant's directory is available at zoominfo.com. Zoominfo.com is accessible to any individual who (a) is logged into a ZoomInfo account and (b) holds one of four relevant types of zoominfo.com subscriptions: (1) ZoomInfo Lite; (2) ZoomInfo Essentials; (3) ZoomInfo Professional; and (4) ZoomInfo Advanced. ZoomInfo Lite is a free subscription designed to allow individuals to sample ZoomInfo's platform (i.e., not a ZoomInfo premium plan), whereas ZoomInfo Essentials, ZoomInfo Professional, and ZoomInfo Advanced are all paid subscriptions (i.e., ZoomInfo premium plans).

19. On zoominfo.com, Defendant lists four types of contact information for Coloradans: (1) headquarters phone number, in the format (123) 456-7890 (HQ); (2) business email, in the format name@email.com (B); (3) direct phone number, in the format (123) 456-7890 (D); and (4) cell phone number, in the format (123) 456-7890 (M), where (M) stands for "mobile."

20. For ZoomInfo Lite users, Defendant's user interfaces that list Coloradans' contact information advertise the availability of such information in at least two ways. First, next to Coloradans' names, Defendant displays three icons – a business email icon, a direct phone number icon, and a cell phone number icon. A dark (active) icon signifies that the corresponding contact information (i.e., business email, direct phone number, cell phone number) is available, while a light (inactive) icon indicates that it is not. Second, when they are available, Coloradans' business emails, direct phone numbers, and cell phone numbers are displayed in redacted form – i.e., business email in the format ****@*****.*** (B); direct phone number in the format (***) ***-**** (D); and cell phone number in the format (***) ***-**** (M).

---

[11] https://targetron.com/lead-generation-directory.

FIRST AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:25-cv-05443-DGE
-5-
EMERY REDDY PLLC
600 STEWART ST., SUITE 1100
SEATTLE, WA 98101
PHONE: (206) 442-9106 • FAX: (206) 441-9711

21. Upon navigating to the user interfaces that list Coloradans' contact information, individuals logged into a ZoomInfo account with an active ZoomInfo Lite subscription or an active ZoomInfo premium plan can view Coloradans' full, unredacted headquarters phone numbers with no further action required.

22. Individuals logged into a ZoomInfo account with an active ZoomInfo Lite subscription can spend one "credit" to reveal one particular Coloradan's business email(s) and direct phone number(s), converting said information from redacted to unredacted form.

23. However, individuals logged into a ZoomInfo account with an active ZoomInfo Lite subscription cannot reveal Coloradans' mobile phone numbers. Instead, next to a Coloradan's redacted cell phone number, ZoomInfo presents individuals logged into a ZoomInfo account with an active ZoomInfo Lite subscription with a call to action: "Upgrade Now."

24. Clicking "Upgrade Now" opens Defendant's pricing page, summarized as follows:

| ZoomInfo Lite | ZoomInfo Essentials | ZoomInfo Professional | ZoomInfo Advanced |
|---|---|---|---|
| Free | - Billed Monthly: $300/month or $3,600/year <br> - Billed Annually: $250/month or $3,000/year | - Billed Monthly: $1,495/month or $17,940/year <br> - Billed Annually: $1,250/month or $15,000/year | Custom Pricing |
| 10 credits/month | 200 credits/month <br><br> (Reveal up to 200 contact profiles and data each month.) | 2,000 credits/per user, month <br><br> (View up to 2,000 contact profiles each month, including emails, mobile numbers and direct phone numbers.) <br><br> 420 export credits/month <br><br> (Export up to 5,000 contacts or companies each year directly into your sales and marketing tools for seamless and effective workflow.) | 2,000 views/per user, month <br><br> (View up to 2,000 contact profiles per user each month automatically. No credits needed to reveal them.) <br><br> 10,000 exports/year <br><br> (Export up to 10,000 contacts or companies each year directly into your sales and marketing tools for seamless and effective workflow.) |
| 1 Seat | 1 Seat | 3 Seats | 3+ Seats |
| Does not include access to cell phone numbers | Includes access to cell phone numbers | Includes access to cell phone numbers | Includes access to cell phone numbers |

FIRST AMENDED CLASS ACTION COMPLAINT  
CASE NO. 3:25-cv-05443-DGE

-6-

EMERY REDDY PLLC  
600 STEWART ST., SUITE 1100  
SEATTLE, WA 98101  
PHONE: (206) 442-9106 • FAX: (206) 441-9711

25. Thus, Defendant lists Plaintiffs' and Class Members' cell phone numbers for a commercial purpose: (a) to entice individuals logged into a ZoomInfo account with an active ZoomInfo Lite subscription to pay to acquire access to ZoomInfo premium subscriptions and/or credits; and (b) to fulfill Defendant's obligations to zoominfo.com account holders who pay for ZoomInfo premium subscriptions and/or credits. Indeed, that is Defendant's entire business model. Defendant is literally selling Plaintiffs' and Class Members' cell phone numbers and accompanying information to its customers.

26. An individual who (a) is logged into a ZoomInfo account and (b) has paid to acquire access to cell phone numbers, as set out *supra* (a "ZoomInfo User") can enter a search query on zoominfo.com. With the quick search bar, a ZoomInfo User can search for individuals and companies by name. In addition, a ZoomInfo User can complete an advanced search for individuals and companies, using filters such as location, industry, and/or other parameters.





FIRST AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:25-cv-05443-DGE

EMERY REDDY PLLC
600 STEWART ST., SUITE 1100
SEATTLE, WA 98101
PHONE: (206) 442-9106 • FAX: (206) 441-9711

-7-

27. After entering this information, a ZoomInfo User searching by company is furnished a list of search results featuring companies matching the selected parameters. From this search results list, a user may click to view more information about a particular company.



28. This brings a ZoomInfo User to the company's profile, listing the company's website, social media links, industry, employee count, revenue, and other details.



29. Next, a ZoomInfo User can view the company's organizational chart and employees by management level. On each of these pages, a ZoomInfo User can view employees' contact information, including their full cell phone number(s).[12]

---

[12] Note, in this and the subsequent images, Plaintiffs' counsel has redacted certain sensitive personal information (black portions).

FIRST AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:25-cv-05443-DGE

-8-

EMERY REDDY PLLC
600 STEWART ST., SUITE 1100
SEATTLE, WA 98101
PHONE: (206) 442-9106 • FAX: (206) 441-9711





30. Alternatively, a ZoomInfo User can view a full list of "contacts," either affiliated with a particular company or matching the parameters of a quick or advanced person search. Here, a ZoomInfo User can, *inter alia*, filter by individuals whose contact information includes a mobile phone number.

FIRST AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:25-cv-05443-DGE

-9-

EMERY REDDY PLLC
600 STEWART ST., SUITE 1100
SEATTLE, WA 98101
PHONE: (206) 442-9106 • FAX: (206) 441-9711



31.   To access the contact details of a particular individual without leaving this page, a ZoomInfo User can click to access said individual's "Quick View." There, once again, a ZoomInfo User can view an individual's full cell phone number(s).

32.   To access even more information about an individual, a ZoomInfo User can click to access said individual's full profile. Upon navigating to this page, a ZoomInfo User is presented with the individual's full cell phone number(s) and a plethora of other identifying information.

FIRST AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:25-cv-05443-DGE

-10-

EMERY REDDY PLLC
600 STEWART ST., SUITE 1100
SEATTLE, WA 98101
PHONE: (206) 442-9106 • FAX: (206) 441-9711

[Screenshot of zoominfo.com profile page showing Henry L. Schuck, Chief Executive Officer & Board Member of ZoomInfo, with Contact Profile tab selected. Contact Details section shows redacted emails and phone numbers including (360) ███-6816 (D), (866) ███-9666 (HQ), (818) ███-4647 (M). Location: Local 275 Wyman St, Waltham, Massachusetts, 02451, United States; HQ 805 Broadway St Ste 900, Vancouver, Washington, 98660. CRM section shows Salesforce (Lead Owner: Christian Allen, Account Owner: Prasanna S, Match Date Feb 07, 2025), Hubspot (Company Owner: Dani Wilson, Match Date Feb 03, 2025), Marketo (Match Date Feb 03, 2025). Tags: LinkedIn Prospect, Outreach.]

33. As the above images of zoominfo.com[13] make clear, Defendant knowingly lists Coloradans' full cell phone numbers. On zoominfo.com, Defendant enables filtering for people whose "[c]ontact [i]nfo" includes a "[m]obile [p]hone" number. Defendant also boasts: "ZoomInfo has … tripl[ed] both the number of global contacts and the number of global mobile phone numbers[.]"[14]

**B.    Defendant's Conduct Harms Coloradans**

34. Consumer data is key to the $26 billion-per-year online advertising industry in the United States.[15] Clearly, and per the FTC, consumer data possesses inherent monetary value:

---

[13] Gathered on youtu.be/uIjE0ku3PcE, youtu.be/KjhraqNygsA, and university.zoominfo.com.
[14] https://web.archive.org/web/20240808163101/https://ir.zoominfo.com/news-releases/news-release-details/zoominfo-announces-third-quarter-2023-financial-results.
[15] http://online.wsj.com/article/SB10001424052748703529004576160764037920274.html.

FIRST AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:25-cv-05443-DGE
-11-
EMERY REDDY PLLC
600 STEWART ST., SUITE 1100
SEATTLE, WA 98101
PHONE: (206) 442-9106 • FAX: (206) 441-9711

> Most consumers cannot begin to comprehend the types and amount of information collected by businesses, or why their information may be commercially valuable. Data is currency. The larger the data set, the greater potential for analysis – and profit.[16]

35. In fact, individuals' private information has become such a valuable commodity that companies now offer individuals the opportunity to monetize their personal data.[17]

36. These companies' business models capitalize on a fundamental principle underlying the modern information marketplace: Consumers recognize the economic value of their private data. Along these lines, research shows that consumers are willing to pay a premium to purchase services from companies that adhere to more stringent policies of protecting their data.[18] A 2014 survey conducted by Harris Interactive on behalf of TRUSTe, Inc. showed that 89 percent of consumers avoid doing business with companies who they believe do not protect their privacy.[19] The same is true for 80 percent of smartphone users, who say that they avoid using smartphone apps that they don't believe protect their privacy.[20]

37. Defendant's misappropriation of Coloradans' cell phone numbers undeniably deprives state residents of the ability to enjoy their PTFA privacy rights. It also deprives them of the real, quantifiable value of such data.

38. Further, sites like Defendant's "offer a wealth of information that can be exploited by malicious actors."[21] For one, "[b]undling [personal data] all together and making it so easily

---

[16] https://www.ftc.gov/sites/default/files/documents/public_statements/remarks-ftc-exploring-privacy-roundtable/091207privacyroundtable.pdf at p. 2.
[17] *See, e.g.*, https://www.washingtonpost.com/technology/2023/02/06/consumers-paid-money-data/; http://www.nytimes.com/2012/02/13/technology/start-ups-aim-to-help-users-put-a-price-on-their-personal-data.html; https://techcrunch.com/2023/08/16/caden-lands-15m-to-let-users-monetize-their-personal-data/; https://www.theverge.com/2019/6/11/18661595/facebook-study-app-monitor-phone-usage-pay; https://sifted.eu/articles/gener8; https://www.theverge.com/2012/2/8/2785751/google-screenwise-panel-web-monitoring-knowledge-networks; https://www.sidehustlenation.com/get-paid-for-your-data/; https://millennialmoneyman.com/get-paid-for-your-data/.
[18] *See, e.g.*, https://web.archive.org/web/20240420201259/https://www.enisa.europa.eu/publications/monetising-privacy/@@download/fullReport; https://citeseerx.ist.psu.edu/document?repid=rep1&type=pdf&doi=8b70320d110370c82ca9cbab768db58b74878234.
[19] *See* https://web.archive.org/web/20190820142832/http://www.theagitator.net/wp-content/uploads/012714_ConsumerConfidenceReport_US1.pdf at p. 3.
[20] *Id.*
[21] https://www.foxnews.com/tech/dangerous-intersection-people-search-sites-scams.

FIRST AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:25-cv-05443-DGE

EMERY REDDY PLLC
600 STEWART ST., SUITE 1100
SEATTLE, WA 98101
PHONE: (206) 442-9106 • FAX: (206) 441-9711

-12-

accessible can … put ordinary people at risk of … stalking and other forms of harassment."[22] Second, sites like Defendant's "comprehensive data allows cybercriminals to build detailed profiles of potential victims, making it easier to craft convincing scams or carry out identity theft."[23] This "put[s] almost anyone within the reach of fraudulent telemarketers[]" and other wrongdoers.[24]

39. Information disclosures like Defendant's are particularly dangerous to the elderly. "Older Americans are perfect telemarketing customers, analysts say, because they are often at home, rely on delivery services, and are lonely for the companionship that telephone callers provide."[25] The FTC notes that "[t]he elderly often are the deliberate targets of fraudulent telemarketers who take advantage of the fact that many older people have cash reserves or other assets to spend on seemingly attractive offers."[26]

40. Making matters worse, "[o]nce marked as receptive to [a specific] type of spam, a consumer often is bombarded with similar fraudulent offers from a host of scam artists."[27]

41. Cell phone numbers are also a key piece of information for SIM swappers – hackers who take over a target's phone number in order to receive their calls and texts, which in turn can let them break into all manner of accounts. These sorts of hackers have been linked to countless hacks of individual people in order to steal online usernames or cryptocurrency. Some have worked directly with ransomware gangs from Eastern Europe. Armed with a cell phone number, a SIM swapper may then impersonate the victim and convince their telecom to reroute text messages to a SIM card the hacker controls. From there, the hacker can request password reset text messages, or multifactor authentication codes, and log in to the victim's valuable accounts. This could include accounts that store cryptocurrency or, even more damaging, their email, which in turn could grant access to many other accounts. For this reason, the FBI

---

[22] https://innovation.consumerreports.org/Data-Defense_-Evaluating-People-Search-Site-Removal-Services-.pdf.
[23] https://www.foxnews.com/tech/dangerous-intersection-people-search-sites-scams.
[24] http://www.nytimes.com/2007/05/20/business/20tele.html.
[25] *Id.*
[26] https://www.ftc.gov/sites/default/files/documents/public_statements/prepared-statement-federal-trade-commission-fraud-against-seniors/agingtestimony.pdf at p. 1.
[27] *Id.* at p. 3.

FIRST AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:25-cv-05443-DGE

EMERY REDDY PLLC
600 STEWART ST., SUITE 1100
SEATTLE, WA 98101
PHONE: (206) 442-9106 • FAX: (206) 441-9711

-13-

recommends on its website that people do not publicly advertise their phone number. "Protect your personal and financial information. Don't advertise your phone number, address, or financial assets, including ownership or investment of cryptocurrency, on social media sites," the site reads.

### V. CLASS ALLEGATIONS

42. Plaintiff seeks to represent a class defined as all Colorado residents whose cell phone numbers were listed on zoominfo.com without their affirmative consent ("Class").

43. Plaintiff reserves the right to modify the Class definition, including by using subclasses, as appropriate based on further investigation and discovery obtained in the case.

44. **Numerosity:** The Class is composed of at least thousands of individuals, the joinder of which in one action would be impracticable. The disposition of their claims through this class action will benefit both the parties and the Court.

45. **Existence and Predominance of Common Questions of Fact and Law:** There is a well-defined community of interest in the questions of law and fact involved affecting the members of the proposed Class. The questions of law and fact common to the proposed Class predominate over questions affecting only individual Class Members. Such questions include, but are not limited to, the following: whether Defendant violated Colo. Rev. Stat. § 6-1-304(4)(a)(I); and whether Plaintiff and Class Members are entitled to damages, reasonable attorneys' fees, pre-judgment interest and costs of this suit, pursuant to Colo. Rev. Stat. § 6-1-305(1)(c).

46. **Typicality:** The claims of the named Plaintiff are typical of the claims of the Class because Plaintiff, like all other Class Members, had his cell phone number listed on whitepages.com for a commercial purpose; Defendant did so without requesting or receiving Plaintiff's affirmative consent (through written, oral, or electronic means); and Defendant's misappropriation of Plaintiff's personal data (including the economic value thereof) came at the expense of Plaintiff's PTFA privacy rights.

47. **Adequacy:** Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action

FIRST AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:25-cv-05443-DGE

-14-

EMERY REDDY PLLC
600 STEWART ST., SUITE 1100
SEATTLE, WA 98101
PHONE: (206) 442-9106 • FAX: (206) 441-9711

vigorously. The interests of the Class will be fairly and adequately protected by Plaintiff and his counsel.

48. **Superiority:** The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class. Each individual Class Member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues. Finally, Defendant has acted or refused to act on grounds generally applicable to the entire Class, thereby making it appropriate for this Court to grant final injunctive relief and declaratory relief with respect to the Class as a whole.

## VI. CAUSE OF ACTION

### COUNT I
### VIOLATION OF THE PREVENTION OF TELEMARKETING FRAUD ACT, COLO. REV. STAT. § 6-1-304(4)(a)(I)

49. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

50. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

51. Colo. Rev. Stat. § 6-1-304(4) provides:

> (a) On or after September 1, 2005, a person commits an unlawful telemarketing practice if the person knowingly: (I) Lists a cellular telephone number in a directory for a commercial purpose unless the person whose number has been listed has given affirmative consent, through written, oral, or electronic means, to such listing[.]

52. Defendant failed to comply with this PTFA mandate.

FIRST AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:25-cv-05443-DGE

-15-

EMERY REDDY PLLC
600 STEWART ST., SUITE 1100
SEATTLE, WA 98101
PHONE: (206) 442-9106 • FAX: (206) 441-9711

53. Defendant knowingly lists Coloradans' cellular telephone or mobile numbers. On zoominfo.com, Defendant enables filtering for people whose "[c]ontact [i]nfo" includes a "[m]obile [p]hone" number. Defendant also boasts: "ZoomInfo has … tripl[ed] both the number of global contacts and the number of global mobile phone numbers[.]"[28]

54. To "list" in this context means "to have or show (someone or something) as part of a list, register, or record." *See List,* Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/list.

55. Defendant's website, zoominfo.com, is a directory – i.e., an "electronic resource containing lists of information, usually in alphabetical order, for example people's phone numbers or the names and addresses of businesses in a particular area[.]" Directory, Oxford Learner's Dictionary, https://oxfordlearnersdictionaries.com/us/definition/english/directory.[29] Defendant admits as much, encouraging users to "Test Drive ZoomInfo's Directories"[30] and "Browse Directories"[31] on zoominfo.com. Indeed, Defendant itself has argued that its service is a "directory" in public filings in litigation challenging related conduct. *E.g. Leving Siegel v. ZoomInfo Technologies LLC*, Case No. 1:21-cv-02032 (N.D. Ill), Doc.#: 14, PageID #:46(Memorandum in support of motion to dismiss, arguing that "ZoomInfo's profiles are such a directory: they provide an 'individual's full name, . . . location, . . . email addresses and phone numbers, work information, job title, and a list of colleagues.'")

56. Defendant lists Plaintiffs' and Class Members' cell phone numbers for a commercial purpose: (a) to entice individuals logged into a ZoomInfo account with an active ZoomInfo Lite subscription to pay to acquire access to ZoomInfo premium subscriptions and/or

---

[28] https://web.archive.org/web/20240808163101/https://ir.zoominfo.com/news-releases/news-release-details/zoominfo-announces-third-quarter-2023-financial-results.
[29] *See also Directory*, MERRIAM-WEBSTER ONLINE DICTIONARY, https://www.merriamwebster.com/dictionary/directory ("an alphabetical or classified list (as of names and addresses)[.]"); *Directory*, CAMBRIDGE ESSENTIAL AMERICAN ENGLISH DICTIONARY, https://dictionary.cambridge.org/us/dictionary/essential-american-english/directory ("a book or list of names and numbers"); *Directory*, ALLWORDS.COM MULTI-LINGUAL DICTIONARY, https://www.allwords.com/word-directory.html ("A list of names, address etc., of specific classes of people or organizations, often in alphabetical order or in some classification.").
[30] *See, e.g.*, https://web.archive.org/web/20250118102901/; https://www.zoominfo.com/companies-search; https://web.archive.org/web/20250117232208/https://www.zoominfo.com/s/search.
[31] *See, e.g.*, https://web.archive.org/web/20250117234107/; https://www.zoominfo.com/directories/sales-leads.

FIRST AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:25-cv-05443-DGE

-16-

EMERY REDDY PLLC
600 STEWART ST., SUITE 1100
SEATTLE, WA 98101
PHONE: (206) 442-9106 • FAX: (206) 441-9711

credits; and (b) to fulfill Defendant's obligations to zoominfo.com account holders who pay for ZoomInfo premium subscriptions and/or credits. Indeed, that is Defendant's entire business model. Defendant is literally selling Plaintiffs' and Class Members' cell phone numbers and accompanying information to its customers.

57. Defendant never requests nor receives Coloradans' "affirmative consent, through written, oral, or electronic means, to such listing[.]" Colo. Rev. Stat. § 6-1-304(4)(a)(I). In fact, Defendant never requests nor receives any consent whatsoever, affirmative or otherwise, to list cell phone numbers. Rather, Defendant lists the cell phone numbers of Coloradans it has never engaged with, has had no connection to, and who are unaware of its existence.

58. Defendant's misappropriation of Class Members' personal data (including the economic value thereof) came at the expense of Class Members' PTFA privacy rights. It deprived Class Members of the real, quantifiable value of such data. And it exposed Class Members to elevated risks of stalking, harassment, scams, identity theft, and unwanted telemarketing.

59. Thus, on behalf of himself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class; (3) damages, pursuant to Colo. Rev. Stat. § 6-1-305(1)(c), of at least three hundred dollars and not more than five hundred dollars for each first offense, and at least five hundred dollars and not more than one thousand dollars for each second or subsequent offense; and (4) reasonable attorneys' fees and other litigation costs pursuant to Colo. Rev. Stat. § 6-1-305(1)(c).

## VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself and the proposed Class, respectfully requests that this Court enter an Order:

60. Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff as the representative of the Class, and appointing Plaintiff's counsel as Class Counsel;

61. Declaring that Defendant's actions, as set out above, violate Colo. Rev. Stat. § 6-1-304(4)(a)(I) (Colorado's "Prevention of Telemarketing Fraud Act" or "PTFA");

FIRST AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:25-cv-05443-DGE

-17-

EMERY REDDY PLLC
600 STEWART ST., SUITE 1100
SEATTLE, WA 98101
PHONE: (206) 442-9106 • FAX: (206) 441-9711

62. Awarding damages, pursuant to Colo. Rev. Stat. § 6-1-305(1)(c), of at least three hundred dollars and not more than five hundred dollars for each first offense, and at least five hundred dollars and not more than one thousand dollars for each second or subsequent offense;

63. Awarding injunctive and other equitable relief as is necessary to protect the interests of the Class, including, *inter alia*, an Order requiring Defendant to comply with the PTFA;

64. Awarding Plaintiff and the Class their reasonable attorneys' fees and other litigation costs pursuant to Colo. Rev. Stat. § 6-1-305(1)(c);

65. Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and

66. Awarding such other and further relief as equity and justice may require.

Dated: August 18, 2025

Respectfully submitted,

**EMERY REDDY PLLC**

By: */s/ Timothy W. Emery*
Timothy W. Emery, WSBA No. 34078
Patrick B. Reddy, WSBA No. 34092
Paul Cipriani, WSBA No. 59991
600 Stewart St., Suite 1100
Seattle, WA 98101
Telephone: (206) 442-9106
Facsimile: (206) 441-9711
Email: emeryt@emeryreddy.com
Email: reddyp@emeryreddy.com
Email: paul@emeryreddy.com

**BURSOR & FISHER, P.A.**
Joseph I. Marchese (*pro hac vice*)
Matthew A. Girardi (*pro hac vice*)
1330 Avenue of the Americas, 32nd Floor
New York, NY
Telephone: (646) 837-7127
Facsimile: (212) 989-9163
Email: ykopel@bursor.com
Email: mgirardi@bursor.com
*Attorneys for Plaintiff*

FIRST AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:25-cv-05443-DGE

-18-

EMERY REDDY PLLC
600 STEWART ST., SUITE 1100
SEATTLE, WA 98101
PHONE: (206) 442-9106 • FAX: (206) 441-9711