THE HONORABLE TANA LIN

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

KELLY HUISKAMP, individually and on behalf of all others similarly situated,

Plaintiff,

v.

ZOOMINFO TECHNOLOGIES LLC, a Delaware corporation,

Defendant.

Case No. 3:25-cv-05443-TL

**PLAINTIFF'S FIFTH NOTICE OF SUPPLEMENTAL AUTHORITY**



EMERY REDDY PC
600 STEWART ST., SUITE 1100
SEATTLE, WA 98101

Under Local Rule 7(n) of this Court, Plaintiff Kelly Huiskamp ("Plaintiff") respectfully submits this fifth Notice of Supplemental Authority regarding the pending Motion to Dismiss the First Amended Complaint. *See* ECF No. 31.

Plaintiff brings to the Court's attention the following order entered on September 14, 2026, by Judge William H. Orrick, in *Cochrane v. ZenLeads, Inc.*, Case No. 25-cv-04970-WHO, (N.D. Cal. Sept. 14, 2026), attached hereto as **Exhibit A**. In *Cochrane*, Judge Orrick denied defendant ZenLeads, Inc.'s motion to dismiss a claim brought under Colo. Rev. Stat. § 6-1-304(4)(a)(I) (the "Commercial Listing Provision" of the Colorado Prevention of Telemarketing Fraud Act ("PTFA")) and addressed and rejected arguments substantially similar to those presented in Defendant's Motion to Dismiss here, including Defendant's facial First Amendment challenge, Defendant's argument that the PTFA regulates non-commercial speech, Defendant's arguments that Plaintiff failed to state a claim, and Defendant's argument that class-wide statutory damages are unavailable under the PTFA.

Dated: September 14, 2026

Respectfully submitted,

**EMERY REDDY PC**

By: *s/ Timothy W. Emery*
Timothy W. Emery, WSBA No. 34078
Patrick B. Reddy, WSBA No. 34092
Paul Cipriani, WSBA No. 59991
600 Stewart St., Suite 1100
Seattle, WA 98101
Telephone: (206) 442-9106
Facsimile: (206) 441-9711
Email: emeryt@emeryreddy.com
reddyp@emeryreddy.com
paul@emeryreddy.com

**BURSOR & FISHER, P.A.**
Joseph I. Marchese (*pro hac vice*)
1330 Avenue of the Americas, 32nd Floor
New York, NY
Telephone: (646) 837-7127
Facsimile: (212) 989-9163
Email: jmarchese@bursor.com

**BURSOR & FISHER, P.A.**
Matthew A. Girardi (*pro hac vice*)
50 Main St., Ste. 475
White Plains, NY 10506
Telephone: (914) 874-0708
Facsimile: (914) 206-3656
Email: mgirardi@bursor.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2026, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

Matthew Hosen, WSBA #54855
Quinn Emanuel Urquhart & Sullivan, LLP
1109 First Avenue, Suite 210
Seattle, WA 98101
Telephone: (206) 905-7000
Email: matthosen@quinnemanuel.com

Derek Shaffer
Quinn Emanuel Urquhart & Sullivan, LLP
555 13th Street NW, Suite 600
Washington, DC 20004
Telephone: (202) 538-8000
Email: derekshaffer@quinnemanuel.com

Shon Morgan
John W. Baumann
Thomas Nolan
Quinn Emanuel Urquhart & Sullivan, LLP
865 F. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Email: shonmorgan@quinnemanuel.com
jackbauman@quinnemaunel.com
thomasnolan@quinnemanuel.com

Dated this 15th day of September, 2026 at Seattle, Washington.

*<u>/s/ Jennifer Chong</u>*
Jennifer Chong, Legal Assistant
jennifer@emeryreddy.com

# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JANELLE COCHRANE,
Plaintiff,

v.

ZENLEADS, INC.,
Defendant.

Case No. 25-cv-04970-WHO

**ORDER ON PENDING MOTIONS**

Re: Dkt. Nos. 33, 48, 55, 56, 57

Plaintiff Janelle Cochrane, a resident of Colorado, filed her complaint in San Francisco Superior Court on April 8, 2025. She alleges violations of Colo. Rev. Stat. § 6-1-304 (Colorado's "Prevention of Telemarketing Fraud Act" or "PTFA") against Defendant ZenLeads, Inc., doing business as Apollo.io ("defendant" or "Apollo"). She asserts that the PTFA prohibits "commercially listing a cell phone number in a directory, without permission." Complaint ¶ 1 (citing Colo. Rev. Stat. § 6-1-304(4)(a)(I)). She states that Apollo, a data broker which is a Delaware corporation with its principal place of business in San Francisco, "has listed the cellular telephone numbers of thousands of Colorado residents in its for-sale and for-profit directories without requesting (let alone actually receiving) affirmative consent to such listings." *Id*. ¶¶ 6, 11, 18-24.

Apollo removed the case to this court on June 12, 2025, saying that it was served on May 13, 2025, and asserting jurisdiction under the Class Action Fairness Act ("CAFA," 28 U.S.C. § 1332 and 1453). Dkt. No. 1. It moves to dismiss challenging plaintiff's statutory standing under the PTFA, arguing that she fails to state a claim under the "Listing Provision" of the PTFA, and that she is "barred" from seeking class relief for violations of the PTFA. MTD, Dkt. No. 33. It also argues that even if plaintiff can state a claim, the PTFA's Listing Provision is unconstitutional. *Id*.

I held oral argument on the motion in January 2026. I explained that I was tentatively inclined to deny the motion to dismiss but that I intended to stay this Order until a decision was made in a substantially similar case in the Western District of Washington where the defendants challenged the constitutionality of the PTFA on the same grounds Apollo raises here.[1] Since that time, plaintiff has filed three administrative motions submitting statements of recent decisions (Dkt. Nos. 48, 55, 56[2]), and more recently a joint discovery dispute. Dkt. No. 57. As this matter has been pending for a significant amount of time, I will now decide the issues before me. I agree with the District Courts that have addressed these issues and DENY Apollo's motion to dismiss. My ruling on the discovery dispute is at the end of this Order.

**DISCUSSION**

## I. STATUTORY STANDING

Apollo moves to dismiss arguing that plaintiff lacks standing as she does not identify any "consequences" that she suffered from her cell number allegedly being available in Apollo's dataset through its search features. It contends that under the Colorado Consumer Protection Act ("CCPA"), of which the PTFA is a part, there must be an allegation of a connection between the alleged statutory violation and a tangible current or future injury.

Plaintiff responds that she has adequately alleged an injury in fact to a legally protected interest, which is sufficient for statutory standing under Colorado law generally and the PTFA specifically. She cites Colorado cases holding that "[i]njury in fact may be proved by showing that the action complained of has caused or has threatened to cause injury." *Am. Comp. Ins. Co. v. McBride*, 107 P.3d 973, 976 (Colo. App. 2004) (citation omitted). Those cases also recognize that

---

[1] *See Clark v. Whitepages, Inc.*, No. 2:25-cv-00810-TL (W.D. Wash.); *McClure v. RocketReach LLC*, No. 2:25-cv-00986-TL (W.D. Wash.); and *Huiskamp v. ZoomInfo Technologies LLC*, No. 3:25-cv-05443-TL (W.D. Wash.). In each of those cases "multistate consortiums" of attorney generals have submitted amicus briefing arguing, inter alia, that (1) the PTFA regulates commercial speech, (2) the nonconsensual publication and sale of consumers' private data is commercial speech, and (3) the First Amendment does not protect the nonconsensual publication of consumer cell phone numbers, but even if it did, the PTFA satisfies intermediate scrutiny. *See Clark*, ECF No. 48; *McClure*, ECF No. 40-2; *Huiskamp*, ECF No. 37-1.

[2] The Administrative Motions for Leave to File Statements of Recent Decisions, Dkt. Nos. 48, 55, 56, are GRANTED.



United States District Court
Northern District of California

United States District Court
Northern District of California

"[d]eprivations of many legally created rights, although themselves intangible, are nevertheless injuries-in-fact." *Ainscough v. Owens*, 90 P.3d 851, 856 (Colo. 2004). Plaintiff also relies on my decision in *Kellman v. Spokeo* that "disclosure of private information is a type of intangible harm traditionally recognized to be appropriate for judicial resolution." 599 F. Supp. 3d 877, 889 (N.D. Cal. 2022); *see also id*. at 890 ("[T]he injury for Article III purposes . . . is simply loss of commercial use.").

Plaintiff alleges that she suffered the deprivation of her rights under the PTFA: her cell phone number was listed by Apollo in its directory, for a commercial purpose, without Plaintiff's consent. Compl. ¶ 9. She was therefore injured as she was deprived of her legal right to control who lists her cellular telephone number in a directory for commercial purposes. *Id*.

Plaintiff has also satisfied the CCPA's requirement that she allege that the conduct at issue has a negative "impact on the public as consumers of the defendant's 'goods, services, or property.'" *Hall v. Walter*, 969 P.2d 224, 234 (Colo. 1998) (citing Colo. Rev. Stat. § 6–1–105(a)). She satisfies this requirement by alleging that thousands of Coloradans have had their cell phone numbers listed without consent and suffered potential commercial loss and elevated risks of stalking, harassment, scams, identity theft, and unwanted telemarketing. Complaint ¶¶ 8, 29-35, 51. That is sufficient for statutory standing.[3]

## II. STATING A CLAIM

The Listing Provision requires a plaintiff to allege that a defendant (1) "knowingly" (2) "lists" (3) a Colorado cellular telephone number, (4) assigned to a telephone she owns, (5) "in a directory," (6) "for a commercial purpose," (7) without "affirmative consent[] through written, oral, or electronic means," and (8) there is no "preexisting commercial relationship" between

[3] Apollo's cases are not relevant to the type of statute and alleged harm at issue here. *See, e.g., Robinson v. Crimson Leaf, LLC*, No. 21-CV-00644-CMA-NRN, 2021 WL 4710310, at *5 (D. Colo. Oct. 8, 2021), report and recommendation adopted, No. 21-CV-00644-CMA-NRN, 2022 WL 1198912 (D. Colo. Jan. 11, 2022) ("emotional distress resulting from nothing more than viewing a perceived false advertisement is not the type of injury the CCPA was designed to protect"); *Nero v. Am. Fam. Mut. Ins. Co*., No. 11-CV-02717-PAB-MJW, 2012 WL 4478958, at *3 (D. Colo. Sept. 28, 2012 (dismissing complaint that failed to allege facts indicating how defendant's failure to disclose categories of information was intended to induce plaintiff to enter into a transaction, as required by the statute).

United States District Court
Northern District of California

them. *See* Colo. Rev. Stat. § 6-1-304(4). Plaintiff has adequately and plausibly alleged each element.

Nevertheless, Apollo also moves dismiss arguing the Listing Provision (§ 6-1-304(4)(a)(I)) prohibits only unlawful telemarketing (a "business-to-consumer activity") but does not cover Apollo's business which is "business-to-business sales intelligence." It relatedly argues that plaintiff cannot state this claim against Apollo because it does not offer a "list" but instead a searchable database that could disclose protected cell numbers only after a user runs through various searches. *See* Mot. to Dismiss at 5-6.

Apollo's arguments ignore the express scope of the statute and are foreclosed by the persuasive analysis of other courts. *See, e.g.*, *Galli v. DemandScience US, LLC*, No. CV 25-13683-LTS, 2026 WL 2389771, at *3 (D. Mass. Aug. 17, 2026) (rejecting argument that the PTFA only and "narrowly governs entities involved in telemarketing runs counter to the plain language of the statute" and apply PTFA to online, searchable directory); *Gargus v. Uplead, LLC*, No. 2:25-CV-08337-MWC-AGR, 2026 WL 121205, at *5 (C.D. Cal. Jan. 13, 2026 (rejecting data broker's attempt to escape reach of PTFA, recognizing "[a]ll that the plain language requires is the listing of a cell phone number in a directory for a commercial purpose.").[4]

## III. STATUTORY DAMAGES

Apollo argues that PTFA bars the statutory damages plaintiff seeks on behalf of the class. It contends that when the Colorado legislature adopted the Listing Provision, it also amended the PTFA (and by extension, the CCPA) to permit recovery of statutory damages for a violation of the Listing Provision only on an individual basis. *See* Colo. Rev. Stat. § 6-1-305(1)(c) ("A person who engages in any unlawful telemarketing practice as defined in section 6-1-304(4) shall be liable in a private civil action . . . for . . . a penalty in the amount of at least three hundred dollars and not

[4] Apollo also contends that plaintiff alleges no facts that it "knowingly lists" her mobile number because she "fails to allege any facts indicating that Apollo had any awareness her number was a Colorado mobile number, rather than an out-of-state mobile number or a number belonging to a resident of a state besides Colorado." Mot. to Dismiss at 5. However, plaintiff alleged that she "is, and has been at all relevant times, a resident and citizen of Brighton, Colorado. Her cellular telephone number was listed by Apollo in its directory, available at apollo.io, to advertise and/or actually sell products and services." Compl. ¶ 10. That is sufficient.

more than five hundred dollars. . ."). The Colorado legislature amended the CCPA again in 2022 to authorize actual damages under the CCPA but did not authorize statutory damages for class relief. *See* Colo. Rev. Stat. § 6-1-113(2.9) ("In a case certified as a class action, a successful plaintiff may recover actual damages[.]"). Apollo argues that because the Colorado legislature did not allow statutory damages for class actions, statutory damages are not available in a class action.

Apollo points to a decision by the Honorable Edward M. Chen from 2014 and district court decisions from the Tenth Circuit interpreting the CCPA more generally. Those opinions were under the CCPA, not the PTFA, which was passed in 2005 to provide additional damages according to plaintiff. *See Tasion Commc'ns, Inc. v. Ubiquiti Networks, Inc*., No. C-13-1803 EMC, 2014 WL 1048710, at *10 (N.D. Cal. Mar. 14, 2014) (dismissing the plaintiff's claim for statutory damages in a class action because "the CCPA creates no statutory liability for a defendant in a private class action"); *Pearson v. Geico Cas. Co*., No. 17-CV-02116-CMA-MEH, 2018 WL 2096348, at *9 (D. Colo. May 7, 2018) ("Two judges in this District and two courts in the Tenth Circuit interpreting the CCPA have found that the [CCPA] . . . 'creates no statutory liability for a defendant in a private class action.'"); *Friedman v. Dollar Thrifty Auto.Grp., Inc*., No. 12-CV-02432-WYD-KMT, 2015 WL 4036319, at *6 (D. Colo. July 1, 2015) ("[D]amages are barred in class actions under the CCPA.").

Plaintiff notes that the PTFA provides for penalties in addition to those in the general CCPA. *See* Oppo. at 5 ("Thus, even if the putative class could not recover statutory damages under Colo. Rev. Stat. § 6-1-113 [CCPA], they can still recover them under Colo. Rev. Stat. § 6-1-305 [PTFA], which contains no language prohibiting as much."). She also points out that the statutory damages guaranteed by the PTFA are non-discretionary. *See* Colo. Rev. Stat. § 6-1-305 (1)(c) ("A person… shall be liable in a private civil action … a penalty in the amount of at least three hundred dollars ….").

Absent controlling authority from Colorado under the PTFA specifically, I will allow the claim for statutory damages to remain at this juncture. *See Gargus*, 2026 WL 121205 at *6 ("at this stage the Court understands the statute to allow Plaintiff to seek statutory damages as part of his class claims.").



United States District Court
Northern District of California

**IV. CONSTITUTIONALITY**

Finally, Apollo argues that the PTFA creates an unconstitutional restriction on its speech that fails strict scrutiny. It raises a host of arguments: (1) the Listing Provision is unconstitutionally vague because it does not describe with sufficient particularity what Apollo must do in order to comply with its mandates given that cell phone numbers may not accurately reflect who is a resident of Colorado and who is not; (2) the Listing Provision violates the Dormant Commerce Clause ("DCC") because the burden it imposes on businesses clearly exceeds the supposed local benefits; and (3) the Listing Provision violates the First Amendment on its face as a content-based speech restriction that fails strict scrutiny. Mot. to Dismiss at 12-18. I agree with the other courts that have rejected materially similar arguments to the ones raised here.

Vagueness. Understood properly, Apollo's vagueness challenge is not that the language of the statute is ambiguous, it is that Apollo is not sure how to comply with it because the statute "does not specify how entities can determine whether a phone number is a Colorado mobile number subject to the statute" given that area codes and geolocation data are not correct 100% of the time. Mot. to Dismiss at 10-11. That is not an appropriate vagueness challenge. A statute "fails to comport with due process" as impermissibly vague where it "'fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement.'" *Holder v. Humanitarian L. Project*, 561 U.S. 1, 18 (2010) (quoting *United States v. Williams*, 553 U.S. 285, 304 (2008)). Potential defenses to enforcement or liability do not equate with impermissible vagueness. As the District Court in Massachusetts recently explained in rejecting a similar argument, because the PTFA applies to the conduct of Appollo (as outlined above) and "'the statutory terms are clear in their application to' [defendant's] alleged conduct, its 'vagueness challenge must fail.'" *Galli v. DemandScience US, LLC*, No. CV 25-13683-LTS, 2026 WL 2389771, at *11 (quoting *Holder,* 561 U.S. at 21)).

DCC. I rejected materially similar Dormant Commerce Clause arguments in *Kellman v. Spokeo, Inc.*, 599 F. Supp. 3d 877, 898-899 (N.D. Cal. 2022), and do so again here. Apollo wholly fails to address that case or its analysis. *See also In re Facebook Biometric Info. Priv. Litig.*, 2018 WL 2197546 (N.D. Cal) (Donato, J.) (rejecting Dormant Commerce Clause challenge

to Illinois Biometric Privacy Act as "[t]his lawsuit is under a[] [single] state statute on behalf of [a single state's] residents who used Facebook in [that state]" and "[n]othing indicates that liability under BIPA would force Facebook to change its practices with respect to residents of other states.").

Commercial Speech and Intermediate-Scrutiny. I agree with the recent opinions from other District Courts that have found that the PTFA is a restriction on commercial speech which, at this juncture, plausibly satisfies intermediate scrutiny. In a thorough opinion, the Hon. Leo. T. Sorkin the District of Massachusetts explained why the PTFA regulated commercial speech and survived facial intermediate scrutiny review under *Central Hudson Gas & Elec. Corp. v. Public Serv. Comm'n of N.Y.*, 447 U.S. 557, 566 (1980). *Galli v. DemandScience US, LLC*, No. CV 25-13683-LTS, 2026 WL 2389771, at *8-11 (D. Mass. Aug. 17, 2026); *see also Hayden Byer v. Buildout, Inc. d/b/a ProspectNow*, No. 25 CV 12217, 2026 WL 2103957, at *7 (N.D. Ill. July 22, 2026) (holding that Colorado's PTFA was a content-neutral regulation of commercial speech that survived intermediate scrutiny).

Apollo does not address intermediate scrutiny, arguing only that the PTFA fails strict scrutiny as a content-based regulation of protected speech. Mot. to Dismiss at 12-19; Reply at 7-10. No court has agreed with Apollo and neither do I.

The motion to dismiss is DENIED.

## V. DISCOVERY DISPUTE

On August 28, 2026, the parties submitted a joint discovery dispute letter. Dkt. No. 57. Although many possible disputes are raised, I will address only the ripe ones.

RFP 5: Request for Production 5 requests production of information regarding Coloradans' cell phone numbers from Apollo's "back-end databases." Apollo objects to producing this information because: (1) the data is continuously updated, so Apollo cannot generate a snapshot showing all numbers throughout the relevant period; (2) Apollo believes the PTFA is violated only when a user requests particular phone numbers, thereby "verifying" that phone number (and Apollo has agreed to produce "information about the telephone numbers actually disclosed to third-parties") and the statute does not prevent Apollo from merely storing

United States District Court
Northern District of California

numbers in the back-end of its database; and (3) there is a significant burden to producing the information sought.

Plaintiff's request for production is GRANTED in part. Apollo shall produce the back-end database showing all Coloradan cell phone numbers as of today's date. Plaintiff may choose two other dates within the proposed class period and Apollo shall produce the back-end data as it existed on those two dates.

Sirui Li. Plaintiff objects to defendant identifying only one witness likely to have responsive documents in its Rule 26 Initial Disclosures and notes that no documents from this witness have been produced. Apollo intended to produce responsive documents from Li on August 31, 2026. If plaintiff has reason to believe that the production was insufficient or that the custodians identified by Apollo are insufficient the parties shall meet and confer. I expect that reasonable counsel will be able to resolve this issue without court intervention, but the parties may submit any ripe disputes to me if they cannot.

Plaintiff's Phone Records. Plaintiff objects to two of Apollo's Requests for Production concerning the personal use of her cell phone for business purposes (RFP 7) and whether she provided her number to customers or other third-parties in a commercial context (RFP 8). Plaintiff argues that the statute prohibits listing cell phone numbers without consent and how plaintiff used her phone is irrelevant. Apollo notes that it agreed to limit the records sought to use of a mobile phone number, but otherwise argues these records will be used to test whether: (1) plaintiff's injury is traceable to Apollo; (2) if she is an adequate class representative; (3) if she has statutory standing under the CCPA; and (4) Apollo's as-applied First Amendment defense.

I do not see any relevance to Apollo's request assuming that plaintiff seeks only statutory damages. The requests for plaintiff's phone records are DENIED. As discussed above, plaintiff has shown statutory standing and the only legal issue is consent to Apollo. This denial is without prejudice. If plaintiff intends to seek any form of damages other than statutory damages, if she intends to argue or testify that her injury extended beyond simply the right to control who has access to her cell phone number (*e.g.*, that the disclosure put her at a heightened risk of fraud), or if courts in Colorado interpret the PFTA differently than I have, Apollo may again seek this

discovery.

**IT IS SO ORDERED.**

Dated: September 14, 2026



William H. Orrick
United States District Judge

United States District Court
Northern District of California